IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SCOTT MILLER**                                                                                                        **PLAINTIFF**

**V.**                                 **NO. 4:06-CV-00515 GTE**

**NORTH LITTLE ROCK POLICE
DEPARTMENT CITY OF NORTH LITTLE ROCK
and DANNY BRADLEY, Individually and in his
capacity as Chief of Police for the North Little Rock Police
Department**                                           **DEFENDANTS**

## ORDER

Before the Court is Plaintiff's request for remand of this action back to Pulaski County Circuit Court, from which it was removed. The Defendants have responded to the Court's Order to Show Cause, dated June 2, 2006. The Court is ready to resolve the jurisdictional issues presented. For the reasons stated below, the Court concludes that it will postpone a final decision on whether to remand the state law claims pending further resolution of the Plaintiff's alleged claim pursuant to the Family Medical Leave Act ("FMLA"), consideration of which the Court intends to expedite.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in Pulaski County Circuit Court on March 24, 2006. Defendants filed their Answer in the Circuit Court on April 18, 2006, and subsequently filed their Notice of Removal on May 1, 2006.

The primary purpose of Plaintiff's Complaint is to reverse and vacate a decision of the North Little Rock Civil Service Commission. Plaintiff seeks a de novo review of the North Little Rock Civil Service Commission's decision upholding Plaintiff's three-day suspension. Plaintiff

alleges that a motivating factor in the punishment "was the time he has spent off work which qualified for family medical leave, caring for his child or medical problems of his own." (Complaint at ¶ 10).

Attached to Plaintiff's Complaint is a copy of the transcript from the hearing, held on March 9, 2006.  A review of the transcript indicates that the North Little Rock Police Department pursued a three-day suspension against Officer Miller.  For cause, NLRPD contended that while Officer Miller was on paid sick leave from June 12-20 due to a knee injury he sustained off duty, he worked an off-duty job on June 14th through June 17th at the Little Rock K-9 Academy.  When Officer Miller returned to work, he is alleged to have completed falsely an NLRPD mandatory report asking if he had engaged in off-duty employment while off sick, by indicating that the had not done so.

Officer Miller requested at the hearing that the suspension be reduced to a letter of reprimand.  For cause, he contended that he did not believe that this secondary employment, which he had engaged in for a number of years, required prior approval or was covered within the meaning of "other off-duty work."  Officer Miller also relied on the fact that his work as an instructor at the K9 Academy was performed between 2:30 pm. and 9:00 p.m., hours that would not have interfered with his normal working hours with the NLRPD.

During Plaintiff's testimony an issue arose about Sergeant Neff coming to Officer Miller's residence on September 12th to question him about the use of a "sickness in family" day to take care of his daughter, who had "croup."  The Commission sustained the NLRPD's objection to the testimony on relevancy grounds.  Plaintiff attempted to elicit information about this event because it precipitated his subsequent visit to Lieutenant Tyree's house, apparently to complain about Sergeant Neff's visit.  It was during this visit that Lieutenant Tyree allegedly

advised Plaintiff that Sergeant Neff was looking into the fact that Plaintiff had worked off duty while on sick leave and directed Plaintiff to write a explanatory letter to Sergeant Neff regarding the incident, which Plaintiff failed to do.

On March 14, 2006, the North Little Rock Civil Service Commission upheld the three day suspension. Specifically, the Commission found that Officer Miller violated Standard of Conduct # 17, by failing to receive permission for his off-duty employment and by working at his off-duty employment during the time he was on paid sick leave from the NLRPD.

Plaintiff alleges in his Complaint that a "motivating factor in the investigation of the Plaintiff and his punishment was a complaint made by Plaintiff's wife about the conduct of Sgt. Tony Neff with the North Little Rock Police Department coming to her home and going to her place of employment while she was caring for Plaintiff's minor child who was ill." (Complaint at ¶ 3). Plaintiff also complains that a motivating factor in his punishment "was the time he has spent off work which qualified for family medical leave time, caring for his child or medical problems of his own." (Complaint at ¶ 10).

Plaintiff's Family and Medical Leave Act violation is more specifically premised on the following allegation:

> The Plaintiff was at his residence in September, 2005 after taking his daughter to the doctor and was there because of the need to care for her, when the North Little Rock Police Department, in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., St. Neff came to his house which is not a permissible action to verify Family and Medical Leave usage.

(Complaint at ¶ 11).

During the hearing, Lieutenant Tyree testified that he was aware that Sergeant Neff had been to see the Plaintiff in September and that the visit was made because of Officer Miller's excessive use of sick leave in 2005.

Plaintiff seeks an Order reversing and vacating the decision of the North Little Rock Civil Service Commission and an award of attorney's fees and costs. While the Complaint alleges that the Plaintiff has suffered mental anguish and loss of pay, it does not specifically pray for damages for such losses; nor does it allege the legal authority for recovery of such damages, assuming he is attempting to recover them. In sum, the Complaint is unclear as to whether any specific relief is sought pursuant to the FMLA.

## DISCUSSION

Plaintiff brings causes of action premised on Ark. Code Ann. § 14-51-308, which provides for the review of the decision of the North Little Rock Civil Service Commission, the Arkansas Civil Rights Act of 1993, the Arkansas Constitution (Article 2, Section 4) and violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*. Defendants contend that jurisdiction is proper in federal court because Plaintiff has alleged a violation of federal law, specifically, the Family Medical Leave Act. Thus, Defendants argue that the Court should exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1441(c). That provision provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

The removing Defendants acknowledge the Court's discretion to remand the state law claims, but urge the Court to retain jurisdiction over the entire matter pursuant to § 1441(c).

This Court concludes that this case presents a classic instance for remand of the state law causes of action, all of which relate to the Plaintiff's principal factual allegation that he was wrongly suspended for three days and his corresponding state law claims. Clearly, the state law

claims constitute "the real body of the [the] case, to which the federal claim is only an appendage" and consequently, "permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3rd Cir. 1995)(citation omitted)(*quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 727(1966)).[1] Arkansas courts are better equipped to review de novo a decision of the North Little Rock Civil Service Commission (NLRCSC) and to determine whether their action violated Arkansas law or the Arkansas Constitution.

Arguably, the alleged violation of the Federal Medical Leave Act is a separate claim from Plaintiff's state law claims.  Indeed, the NLRCSC would not even permit Plaintiff to go into the facts in support of the claim during his appeal hearing, finding such evidence irrelevant to the issue of his suspension.  However, it appears that Plaintiff is trying to link the two causes of action in part, by asserting that his suspension was due to his invoking the statutory protection of the FMLA.  Accordingly, to the extent the Plaintiff has stated a cognizable claim for relief under the FMLA, the question arises as to whether the state and federal causes of action are in fact "separate and independent."

A serious issue exists as to whether Plaintiff has even stated a viable claim in connection with his allegation under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*.  The Act permits a qualified employee to take up to twelve (12) weeks of <u>unpaid</u> leave to care for a child who is suffering from a "serious health condition."  29 U.S.C. § 2612(a)(1).  It does not appear that a child home sick with "the croup" would qualify as a "serious health condition" triggering coverage under the FMLA.  *See* 29 U.S.C. § 2611(11); *Krohn v. Forsting*, 11 F.Supp.2d 1082,

---

[1] The cited cases are discussing the supplemental jurisdiction statute, 28 U.S.C. § 1367.  A court's discretion to decline jurisdiction pursuant to § 1367 is arguably more limited than the court's discretion to do so under § 1441(c).

- 5 -

1091-91 (E.D. Mo. 1998). Additionally, since it appears that Plaintiff was permitted accrued paid leave to care for his daughter on the day of September 12th, on what basis does Plaintiff contend that the FMLA was even implicated in this matter? When did Plaintiff give his employer the required notice of facts sufficient to inform his employer that he was pursuing relief under the FMLA?

Substantive claims under the FMLA are resolved "by asking whether the plaintiff has established . . . that he is entitled to the benefit he claims." *Diaz v. Fort Wayne Foundry Corp.*, 131 F.3d 711, 713 (7th Cir. 1997). Consequently, it is usually unnecessary, in an FMLA case concerning denial of substantive benefits to consider how other employees were treated. *Krohn v. Forsting*, 11 F.Supp.2d 1082, 1092 (E.D. Mo. 1998). Of course, if Plaintiff is unable to prove that he is entitled to the FMLA's protection, then he cannot prevail on a claim that he was suspended or treated less favorably than other employees. *See Krohn, supra*, at 1093 (describing prima facie case).

The Court will retain jurisdiction over the entire cause of action at this juncture, but will expedite consideration of Plaintiff's FMLA claim. Meanwhile, the Court will hold in abeyance the issue of whether to remand the case or the state law claims.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT THE Court will postpone consideration of whether to exercise its discretion to remand the state law claims pending resolution of the alleged federal statutory claim on which this Court's subject matter jurisdiction is based. Because there is a serious issue as to whether Plaintiff has even stated a valid cause of action for violation of the Family Medical Leave Act, the Plaintiff is directed to file an Amended Complaint not later than

**July 7, 2006.**  Therein, Plaintiff shall set forth **in detail** his theory for relief pursuant to the Family Medical Leave Act ("FMLA"), the substantive provisions of the FMLA allegedly violated and the recovery, if any, sought pursuant to the FMLA.  Defendant shall have through and including **July 24, 2006**, to file a Motion to Dismiss or, if appropriate, a Motion for Summary Judgment challenging Plaintiff's claim under the FMLA.

IT IS SO ORDERED THIS 19th day of June, 2006.

    __/s/ Garnett Thomas Eisele_____
    UNITED STATES DISTRICT COURT