# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**SCOTT MILLER**                                                                                    **PLAINTIFF**

**V.**                                   **NO. 4:06-CV-00515 GTE**

**NORTH LITTLE ROCK POLICE**
**DEPARTMENT CITY OF NORTH LITTLE ROCK**
**and DANNY BRADLEY, Individually and in his**
**capacity as Chief of Police for the North Little Rock Police**
**Department**                                                                            **DEFENDANTS**

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's FMLA claim, on which this Court's subject matter jurisdiction is based.  Plaintiff has not responded to the motion.   Also pending is the issue of whether this case should be remanded back to the state court from which it was removed.

For the reasons stated below, the Court declines to dismiss Plaintiff's Family Medical Leave Act ("FMLA") claim in its entirety, as requested.  Although the Court has concerns about some of the theories asserted by Plaintiff, it can not dismiss the claim as a matter of law on this record.

## BACKGROUND

The Court, in its Order dated June 19, 2006, postponed deciding whether to remand the case back to state court (at Plaintiff's request) pending an expedited consideration of whether Plaintiff had stated a viable cause of action pursuant to the Family Medical Leave Act ("FMLA").  As the Court noted in that Order, the primary purpose of Plaintiff's Complaint is to

seek a de novo review and reversal of a decision of the North Little Rock Civil Service

Commission, but the Complaint also includes a generalized FMLA allegation.  Based on the

federal claim, the Defendants removed the entire case to federal court.

The Court observed in its prior Order that the federal claim appeared to be "an

appendage" to the main body of the case, which involves solely state law issues.  The Court

further questioned whether Plaintiff had even stated a viable cause of action under the FMLA.

(Order, Docket entry # 12 at pp. 4-5).  For that reason, the Court directed Plaintiff to file an

Amended Complaint setting forth "**in detail** his theory for relief pursuant to the [FMLA], the

substantive provisions of the FMLA allegedly violated and the recovery, if any, sought pursuant

to the FMLA."  (Order at p. 7).  The Court also established a deadline for Defendants, if desired,

to file a motion challenging Plaintiff's FMLA claim.  Finally, the Court took under advisement

the issue of whether to remand the case.

On July 7, 2006, Plaintiff filed his Amended Complaint at the Court's request.

On July 21, 2006, Defendants filed a Motion to Dismiss, therein seeking to dismiss

Plaintiff's FMLA claim for failure to state a claim upon which relief may be granted.  Plaintiff

has not responded to the motion.

## DISCUSSION

Plaintiff contends in his Amended Complaint that on September 12, 2005, his infant

daughter was ill and he contacted his employer to inform them that he had to be off work to take

his daughter to the doctor.  Plaintiff specifically alleges that the "need to see the Doctor was

unforeseeable."  (Amended Complaint at ¶ 11).  As a result of the doctor's visit, the Plaintiff's

daughter was prescribed medication to be taken for a week and the doctor required that she

remain out of daycare for at least a week.  (Amended Complaint at ¶ 13).  Plaintiff contends that

after he returned home from the visit to the doctor, Sgt. Neff came to his house. Plaintiff asserts that this was "not a permissible action to verify Family and Medical Leave usage." (Amended Complaint at ¶ 12). Plaintiff complains that the Defendants failed to follow the required procedures to confirm Plaintiff's entitlement to FMLA leave.

Leave to care for a child is not triggered under the FMLA unless a child is suffering from a "serious health condition." 29 U.S.C. § 2612(a)(1). A "serious health condition" is any physical or mental condition that involves inpatient care or continuing treatment by a health care provider. 29 U.S.C. § 2611(11). This case does not involve inpatient care. While the statute provides little guidance on the degree of medical attention necessary to qualify as continuing treatment, the regulations promulgated by the Secretary of Labor are more instructive. Said regulations indicate that a period of incapacity of more than three consecutive days together with subsequent multiple treatments or related periods of incapacity may constitute a "serious health condition." 29 C.F.R. § 825.114(a).

In its prior Order, the Court expressed doubt regarding whether a child home sick with the "croup" would trigger FMLA coverage. Plaintiff has now come forward with the additional allegation that the doctor directed him to keep his child home from daycare for at least a week. The Court will therefore assume as this stage that the Plaintiff's child had a serious health condition triggering FMLA coverage.

This assumption does not resolve the inquiry, however, because an FMLA claim "cannot succeed unless the plaintiff can show that he gave his employer adequate and timely notice of his need for leave, and an employer has the right to request supporting information from the employee." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 991 (8th Cir. 2005). Defendant contends that Plaintiff has failed to show that he gave the required notice to trigger FMLA

protection when he called his employer on September 12, 2005 to advise "that he needed to be off because he had to take his infant daughter to the Doctor cause [sic] of an illness." (Amended Complaint at ¶ 10).   The Court concludes that Plaintiff is unlikely to prevail on his theory that Sgt. Neff violated the FMLA when he visited the Plaintiff's home because it appears doubtful that Plaintiff had provided information sufficient to place his employer on notice that FMLA leave, rather than just a day off for a doctor's visit, was being requested.   Moreover, even if such notice were sufficient to trigger FMLA protection, the Court questions whether the FMLA prohibits an employer from visiting an employee's home.   This issue has not been specifically briefed.   The Court is curious to know what authority, if any, Plaintiff has for the proposition that the FMLA prohibits an employer from visiting the home of an employee who has called in sick? This issue remains for another day.

Significantly for purposes of the present motion, Sgt. Neff's home visit is not the Plaintiff's only theory for an FMLA violation.   Plaintiff also contends that his employer violated the FMLA by initiating an investigation of Plaintiff that ultimately resulted in a three-day suspension of the Plaintiff after he complained about Sgt. Neff's visit.   Plaintiff also apparently contends that this investigation and resulting suspension was intended to punish him for the time he had spent off work due to his own or his child's serious medical condition.   The FMLA prohibits an employer from interfering with the exercise of or attempt to exercise rights provided by the FMLA.   29 U.S.C. § 2615(a)(1).   The FMLA also prohibits an employer from discriminating in any manner against an employee for opposing any practice made unlawful by the FMLA.   29 U.S.C. § 2615(a)(2).   "Basing an adverse employment action on an employee's use of leave" is actionable under the FMLA as retaliation.   *Smith v. Allen Health Sys., Inc*., 302 F.3d 827, 832 (8th Cir. 2002);  29 U.S.C. § 2615(a)(2).

While Plaintiff phrases his cause of action as one for interference with his FMLA rights,[1] the Court questions whether this claim should not be analyzed instead solely as a retaliation claim.  It does not appear the Plaintiff was denied any FMLA leave benefits to which he was entitled.  He was apparently permitted to be on leave for his own injury and later permitted to be off work, as requested, to care for his daughter.   "The difference between the two claims is that the interference claim merely requires proof that the employer denied the employee his entitlements under the FMLA, while the retaliation claim requires proof of retaliatory intent."  *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1051 (8th Cir. 2006).

The Court is unable to conclude as a matter of law, based on the Amended Complaint, that Plaintiff can not prevail on an FMLA retaliation claim.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss FMLA claim (docket entry # 16) be, and it is hereby, DENIED.  Accordingly, the Court declines to remand this action back to state court, as requested previously by Plaintiff.

IT IS SO ORDERED THIS  _25th_  day of August, 2006.

___/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT COURT

---

[1] The Court notes the recent Eighth Circuit case of *Throneberry v.  McGehee Desha County Hosp.*, 403 F.3d 972 (8th Cir. 2005), which holds that the FMLA does not impose strict liability for all interferences with FMLA rights.  The case also stands for the proposition that an employee, by exercising FMLA rights, may not acquire any greater rights in employment than he would otherwise have.  Accordingly, Plaintiff may not use his prior FMLA leave or his daughter's illness as a shield to protect himself for being disciplined for wrongdoing for which any employee would be disciplined.